**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**CASE NO.: 22-cv-9590**

SHAUN ROBERTS and KEN
SHEPPARD, Individually and on Behalf
of All Others Similarly Situated,

    Plaintiffs,

v.

STEPHEN EHRLICH, GERARD
HANSHE, DAVID BROSGOL, JANICE
BARRILLEAUX, PHILIP EYTAN,
JARRETT LILIEN, and BRIAN BROOKS,

    Defendants.

_____/

**MEMORANDUM OF LAW IN SUPPORT OF THE SHNAYDERMAN GROUP'S**
**MOTION TO APPOINT LEAD PLAINTIFFS AND**
**<u>APPROVE THEIR SELECTION OF COUNSEL</u>**

# TABLE OF CONTENTS

| | | |
|---|---|---|
| TABLE OF AUTHORITIES………………………………………………………………… | | ii |
| I. | INTRODUCTION AND BACKGROUND…………………………………………… | 1 |
| II. | ARGUMENT………………………………………………………………………… | 4 |
| | A.    Movants Should Be Appointed Lead Plaintiffs Under The PSLRA…………….. | 4 |
| |     1.  Movants Made A Motion In Response To The Published Notice…………. | 4 |
| |     2.  Movants Have The Largest Financial Interest……………………………… | 5 |
| |     3.  Movants Satisfy The Requirements of Rule 23…………….………..……. | 5 |
| |         a.  Typicality……………………………………………………………… | 7 |
| |         b.  Adequacy……………………………………………………………… | 7 |
| | B.    Movants' Counsel Should Be Appointed Lead Counsel………………………… | 8 |
| CONCLUSION………………………………………………………………………..……… | | 13 |

# TABLE OF AUTHORITIES

**Cases**

*Bruhl v. Price Waterhouse Coopers, International, et al.*, No. 03-cv-23044 (S.D. Fla.) ............. 12

*Campos v. ChoicePoint, Inc.*, 237 F.R.D. 478 (N.D. Ga. 2006) ....................................................... 8

*Cohen v. U.S. Dist. Court for N. Dist. of California*, 586 F.3d 703 (9th Cir. 2009) ....................... 8

*Feller v. Transamerica Life Ins. Co.*, No. 16-cv-01378 CAS (GJSx), 2019 WL 6605886 (C.D. Cal. Feb. 6, 2019) ......................................................................................................................... 11

*Fruitstone v. Spartan Race, Inc.*, No. 20-cv-20836-BLOOM/Louis, 2021 WL 2012362 (S.D. Fla. May 20, 2021) ............................................................................................................................ 11

*Goodwin v. Anadarko Petroleum Corp.*, 2010 WL 11469543 (S.D.N.Y. Nov. 16, 2010) ......... 4, 6

*In re Auction Houses Antitrust Litig.*, No. 1:00-cv-00648 (S.D.N.Y.) ......................................... 10

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260 (S.D.N.Y. 2009) ........ 4

*In re Blue Cross Blue Shield Antitrust Litig.*, MDL No. 2406 (N.D. Ala.) .................................. 10

*In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). .......................................................................... 7

*In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001) ............................................................ 6, 7

*In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432 (S.D.N.Y. 2008) .................................................... 6

*In re Google Digital Publisher Antitrust Litig*, No. 5:20-cv-8984-BLF (N.D. Cal.) .................... 10

*In re Takata Airbag Products Liab. Litig.*, MDL No. 2599 (S.D. Fla.) ....................................... 10

*In Re: Champlain Towers South Collapse Litigation*, Case No. 2021-015089 CA 01 (Fla. 11th Jud. Cir. June 24, 2022) .............................................................................................................. 10

*In re: Herbal Supplements Marketing and Sales Practices Litigation*, 1:15-cv-05070 (N.D. Ill.) ................................................................................................................................................... 12

*In re: Hypodermic Products Antitrust Litigation*, MDL No. 1730, No. 05-cv-1602 (JLL/CCC) (D. N.J.) ............................................................................................................................... 12

*In re: Marine Hose Antitrust Litigation*, No. 08-MDL-1888-Graham/Turnoff (S.D. Fla.) .......... 12

*In re: Mushroom Direct Purchase Antitrust Litigation*, No. 06-cv-00620l (E.D. Pa.) ................. 12

*Inchen Huang v. Depomed, Inc.*, 289 F. Supp. 3d 1050 (N.D. Cal. 2017) ...................................... 8

*Lopez v. CTPartners Exec. Search Inc.*, 2015 WL 2431484 (S.D.N.Y. May 18, 2015) ............ 5, 6

*Louisiana Wholesale v. Becton Dickinson, et al.*, No. 05-cv-01602 (D.N.J.) ............................... 12

*Mark Cassidy v. Voyager Digital, et al.*, No. 21-cv-24441 (S.D. Fla.) ................................. *passim*

*McDermid v. Inovio Pharm., Inc.*, 467 F. Supp. 3d 270 (E.D. Pa. 2020) ........................................ 6

*Miller v. Dyadic International*, No. 07-cv-80948 (S.D. Fla.) ........................................................ 12

*Natchitoches Parrish Hospital v. Tyco (In re Sharps Containers)*, No. 05-cv- 12024 (D. Mass.)12

*Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341 (11th Cir. 2001) ......................................................... 7

*Pierce Robertson, et al. v. Mark Cuban, et al.*, No. 22-cv-22538 (S.D. Fla.) ....................... *passim*

*Plymouth Cty. Ret. Sys. v. Carter's, Inc.*, 2009 WL 692141 (N.D. Ga. Mar. 13, 2009) ................. 7

*Texas Grain Storage Inc. v. Monsanto Co.*, No. 5:2007-cv-00673 (W.D. Texas) ....................... 12

*Yates v. Open Joint Stock Co. "Vimpel-Commc'ns,"* 2005 WL 1018428 (S.D.N.Y. Apr. 29, 2005) ............................................................................................................................... 5

**Rules**

Federal Rules of Civil Procedure 23 ................................................................................. 4, 5, 6, 7

**Statutes**

15 U.S.C. § 77z ................................................................................................................................ 5

15 U.S.C. § 78u ...................................................................................................................... *passim*

I.     INTRODUCTION AND BACKGROUND

Pending before this Court is a securities class action brought on behalf of a putative nationwide class of customers of the Voyager Digital cryptocurrency platform, who allege that the cryptocurrency interest-bearing accounts, called Voyager "Earn Program Accounts" ("EPAs"), and native cryptocurrency token, "Voyager Tokens" ("VGX") (collectively, the "Voyager Financial Products"), were unregistered securities offered and sold to them in violation of applicable securities laws. This action was filed a mere two months ago, well after the Voyager Entities filed their Chapter 11 bankruptcy petition in July 2022.

What the Complaint in this action fails to disclose to the Court is that there already exist two earlier-filed putative nationwide class actions pending in the Southern District of Florida where Movants' counsel have been litigating the core issues raised in the *Roberts* complaint for over a year now, namely *Mark Cassidy v. Voyager Digital, et al.*, No. 21-cv-24441 (S.D. Fla.) (Altonaga, C.J.) (The Moskowitz Law Firm representing putative nationwide class in the first-filed action—filed December 24, 2021—against Voyager Digital for its offer and sale of unregistered securities) and *Pierce Robertson, et al. v. Mark Cuban, et al.*, No. 22-cv-22538 (S.D. Fla.) (Altman, J.) (Boies Schiller Flexner LLP and The Moskowitz Law Firm representing putative nationwide class against third parties who substantially participated in the offer and sale of Voyager's unregistered securities).

The *Cassidy* action which brought nearly identical claims as those at issue in the *Roberts* complaint directly against the Voyager Entities, proceeded for 7 months through discovery (including substantial expert reports, depositions of the corporate representatives of Voyager Digital LTD and Voyager Digital LLC, and the deposition of Voyager's former Chief Communications Officer, Michael Legg) and motion practice (on issues relating to arbitration,

personal jurisdiction over the Voyager entities, and class certification) and included claims for federal securities violations for the offer and sale of unregistered securities. Days before the period for motions to appoint lead plaintiffs and counsel ran in the *Cassidy* action, the news broke that Voyager's irresponsible lending activities drove them to lose hundreds of millions of dollars of customer cryptocurrency assets, and Voyager quickly filed Chapter 11 bankruptcy. At no time before Voyager filed bankruptcy did the *Roberts* plaintiffs or their counsel attempt to intervene or to otherwise move to be appointed lead plaintiffs or counsel in the *Cassidy* action. The *Cassidy* case has been administratively closed pending resolution of the bankruptcy.

The *Robertson* action, filed in the Southern District of Florida on August 10, 2022, similarly brings claims against third parties, including Mark Cuban and The Dallas Mavericks, who "aggressively marketed" the Voyager Financial Products as low-risk investments. The *Robertson* action is not impacted by the bankruptcy filing. It is proceeding expeditiously through discovery, where Movants' counsel will, over the course of the next two months, depose Stephen Ehrlich, Mark Cuban, employees of the Dallas Mavericks, and a litany of other third parties who may have relevant information to support the claims at issue in all three of these lawsuits.

In fact, just yesterday, Magistrate Judge Lisette M. Reid, after two extensive discovery hearings collectively spanning over four hours, entered an order ruling, among other things, that (1) "Mark Cuban's deposition, scheduled to take place in Dallas, Texas, on February 2, 2023, will be taken in full and will *not* be limited to jurisdictional issues"; (2) denied "Defendants' request to bifurcate discovery allowing Plaintiffs to initially depose witnesses regarding solely jurisdictional issues"; and (3) ordered Defendants to produce Ryan Mackey (Senior Vice President of Corporate Partnerships for the Mavericks) and Kyle Tapply (Senior Director of Corporate Partnerships for the Mavericks), for deposition before February 23rd, both of whom were identified by the

Mavericks as having personal knowledge of the circumstances surrounding the formation of the Voyager/Mavericks partnership. *See* Boies Decl., Exhibit A. There is a deadline of February 24, 2023 in the *Robertson* action to amend the complaint to join additional parties and claims.

Rather than disclose any of this to the Court, the *Roberts* parties and their counsel filed this action, borrowing many of the allegations, support, and legal claims and theories from the *Cassidy* and *Robertson* actions, with the apparent agreement with counsel for the Defendants that after they are appointed lead plaintiffs and counsel, that they would allow this action to stagnate and stay it pending the protracted Voyager bankruptcy proceedings. *See* ECF No. 14.

The Shnayderman Group, however, should be appointed lead plaintiffs because they (1) timely filed this motion; (2) have the largest financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). The Shnayderman Group also selected Boies Schiller Flexner LLP ("Boies Schiller") and The Moskowitz Law Firm PLLC ("The Moskowitz Law Firm") to serve as lead counsel for the putative class in the event its motion is granted. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Shnayderman Group's chosen counsel have extensive experience in the prosecution of complex securities class actions and the Court may be assured that by granting this motion and approving The Shnayderman Group's choice of counsel, the class will receive the highest caliber of legal representation. *See, e.g.*, § II.B, *infra*. Because The Shnayderman Group satisfies the PSLRA criteria for appointment as lead plaintiff, its motion should be granted.

## II. ARGUMENT

### A. Movants Should Be Appointed Lead Plaintiffs Under The PSLRA

The PSLRA "requires the court to appoint a 'lead plaintiff' in private securities class actions who is 'the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members.'" *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 268 (S.D.N.Y. 2009). 15 U.S.C. § 78u-4(a)(3)(B)(iii) states, in pertinent part:

> Subject to subclause (II), for purposes of clause (i), the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

"This presumption may be rebutted 'only upon ***proof*** by a member of the purported plaintiff class' that the presumptive lead plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *Goodwin v. Anadarko Petroleum Corp.*, 2010 WL 11469543, at *1 (S.D.N.Y. Nov. 16, 2010) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

Here, Movants satisfy each of these factors and there is no countervailing proof to rebut the presumption to which they are entitled.

#### 1. Movants Made A Motion In Response To The Published Notice

Movants have brought the present motion in response to the November 11, 2022 notice and have filed herewith PSLRA certifications attesting that they are willing to serve as representatives

4

of the class, are willing to assume the duties and responsibilities of being class representatives, and are willing to provide testimony at deposition and at trial, as necessary. *See* Boies Decl. Exhibits C–F. As such, Movants satisfy 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2. Movants Have The Largest Financial Interest

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii). Here, there is no question Movants have the largest known financial interest in the relief sought by the class. As set forth in the Shnayderman Group declarations, *see* Boies Decl. Exs. C–F, the Shnayderman Group collectively invested and lost approximately at least $3,000,000.00 by virtue of their purchases of the Voyager Financial Products, as they were thereafter locked out of their accounts following Voyager declaring bankruptcy on July 5, 2022. Therefore, the Shnayderman Group Movants satisfy the PSLRA's prerequisite of having "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

### 3. Movants Satisfy The Requirements of Rule 23

Aside from possessing the largest financial interest, the PSLRA requires that, to be designated the presumptively most adequate plaintiff, movants must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(cc). "At this early stage of litigation" "only the last two factors – typicality and adequacy – are pertinent." *Lopez v. CTPartners Exec. Search Inc.*, 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015) (cleaned up). "Indeed, 'a wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.'" *Yates v. Open Joint Stock Co. "Vimpel-Commc'ns,"* 2005 WL 1018428, at *2 (S.D.N.Y. Apr. 29, 2005) (alterations in original).

At this juncture, therefore, only a *prima facie* showing is required. *See, e.g., McDermid v. Inovio Pharm., Inc.*, 467 F. Supp. 3d 270, 277 (E.D. Pa. 2020) ("The Inovio Group makes a *prima facie* showing of typicality"); *In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d Cir. 2001) (requiring that the Rule 23 factors be "preliminarily satisfied" at the appointment of lead plaintiff stage); *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) ("At this point, a prospective lead plaintiff need only make a preliminary, *prima facie* showing that his or her claims satisfy the requirements of Rule 23.").

"A lead plaintiff's claims are typical where 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Lopez*, 2015 WL 2431484, at *2 (citation omitted). "A lead plaintiff is adequate where he 'does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent.'" *Id.* (citation omitted).

The presumptive lead plaintiffs, The Shnayderman Group, must be appointed unless it is ***proven*** that The Shnayderman Group will not satisfy the typicality and adequacy requirements of Rule 23(a). *See, e.g.*, *Goodwin*, 2010 WL 11469543, at *1 ("This presumption may be rebutted 'only upon ***proof*** by a member of the purported plaintiff class' that the presumptive lead plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II))). Indeed, "once the presumption is triggered, the question ***is not*** whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff

will not do a 'fair[] and adequate[]' job." *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001) (emphasis in original); *see also In re Cavanaugh*, 306 F.3d 726, 730-32 (9th Cir. 2002).

Here, there can be no dispute that The Shnayderman Group meets the adequacy and typicality requirements. In addition, The Shnayderman Group has selected counsel which is highly experienced in securities litigation, as explained below. Consequently, the "most adequate plaintiff" presumption, which lies in The Shnayderman Group's favor, cannot be rebutted.

### a. Typicality

"Under Rule 23, typicality is present when the lead plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of other class members." *Plymouth Cty. Ret. Sys. v. Carter's, Inc.*, 2009 WL 692141, at *2 (N.D. Ga. Mar. 13, 2009). "Claims need not be identical to be typical." *Id.*

Here, Movants' claims are typical of those of the other class members because all class members bring claims under federal securities laws; specifically, that Voyager Digital and its executives and directors offered and sold unregistered securities. There are no defenses relevant to Movants that are unique to Movants. Further, Movants' interests are not in conflict with the interests of any other class member. *Id.* at *3 ("Plaintiff can adequately represent a class of investors because it has no interests that conflict with other class members . . .").

### b. Adequacy

Rule 23's adequacy requirement "means that the class representative has common interests with unnamed class members and will vigorously prosecute the interests of the class through qualified counsel." *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001). "In evaluating the adequacy factor, the Court follows the general principle that adequacy of representation is primarily based on the forthrightness and vigor with which the representative

party can be expected to assert and defend the interests of the class and whether plaintiffs have interests antagonistic to those of the rest of the class." *Campos v. ChoicePoint, Inc.*, 237 F.R.D. 478, 487 (N.D. Ga. 2006) (citation omitted).

Here, Movants have every intention of vigorously litigating the claims on behalf of the class. Indeed, Movants have certified that they are willing to serve as representative plaintiffs, including attending deposition and trial. *See* Boies Decl. Exs. C–F. Further, Movants have retained counsel highly qualified in complex class action litigation who intend to devote the necessary time and resources to this litigation, as set forth below.

Neither proposed Lead Plaintiffs nor Proposed Lead Counsel have any interests that are antagonistic to the interests of the rest of the class.

### B. Movants' Counsel Should Be Appointed Lead Counsel

Pursuant to the PSLRA, the lead plaintiff has authority to select lead counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). "So long as the lead plaintiff has made 'a reasonable choice of counsel, the district court should generally defer to that choice.'" *Inchen Huang v. Depomed, Inc.*, 289 F. Supp. 3d 1050, 1055 (N.D. Cal. 2017) (quoting *Cohen v. U.S. Dist. Court for N. Dist. of California*, 586 F.3d 703, 712 (9th Cir. 2009)).

Here, The Shnayderman Group has selected Boies Schiller Flexner LLP and The Moskowitz Law Firm PLLC to serve as lead counsel for the proposed class, both of whom have substantial experience handling class actions and other complex litigation, including successful experience litigating, settling, and, where necessary, trying certified class action cases.[1]

---

[1] For detailed descriptions of the firms' track records, resources, and attorneys, please see generally https://www.moskowitz-law.com and https://www.bsfllp.com. Hard copies of the firms' resumes are available upon the Court's request, if preferred.

8

To begin with, these firms have already demonstrated the will and ability to commit the necessary resources to assure a strong and well-supported case on behalf of members of the proposed class, as they have been litigating the core issues raised in the *Roberts* complaint on behalf of putative nationwide class of Voyager investors for over a year now in the *Cassidy* and *Robertson* actions pending in the Southern District of Florida. The *Cassidy* Action is the first-filed action by nearly a year and was vociferously litigated up until Voyager declared bankruptcy. The operative complaint, *see* Boies Decl. Exhibit B, asserts materially identical claims for Voyager's offer and sale of unregistered securities through selling the Voyager Financial Products. The actions pending in the Southern District of Florida are substantially more advanced in terms of the discovery that has already been undertaken and the issues that have been briefed over the past year. The firms' resources are not merely financial, but also include substantial expertise and work-product as discussed above, which were developed in other similar cases that will benefit Plaintiffs and the putative class.

Boies Schiller is a law firm comprised of more than 150 attorneys that has an internationally recognized complex securities litigation and class actions practice. The Firm has a proven track record of achieving impressive results on behalf of both plaintiffs and defendants in high stakes class litigation. As outlined below, the Firm has been appointed lead class counsel on multiple matters that resulted in multi-billion-dollar settlements for class members. In addition, the Firm's securities litigation lawyers include former senior federal securities fraud prosecutors who served in the United States Attorney's Offices for the Eastern and Southern Districts of New York and who investigated and prosecuted some of the most prominent matters of the last decade (including Bernard L. Madoff Investment Securities, S.A.C. Capital Advisors, and the "London Whale" trades). The Firm has won every major award from legal and business publications, from

*American Lawyer* to *Chambers USA* and *Time* magazine and its partners are routinely honored for exceptional representation of both plaintiffs and defendants. Recently, Boies Schiller has been appointed co-lead counsel in major class actions including *In re Google Digital Publisher Antitrust Litig*, No. 5:20-cv-8984-BLF (N.D. Cal.), *In re Blue Cross Blue Shield Antitrust Litig.*, MDL No. 2406 (N.D. Ala.), and *In re Takata Airbag Products Liab. Litig.*, MDL No. 2599 (S.D. Fla.). In the *Blue Cross* MDL, the District Court recently granted final approval to a $2.67 billion settlement. *See In re Blue Cross Blue Shield Antitrust Litig.*, ECF No. 2931 (N.D. Ala. Aug. 9, 2022). The Firm also obtained $1.5 billion in settlements with auto manufacturers in the *Takata* MDL and a worked on a $14.7 billion settlement in the *Volkswagen "Clean Diesel"* litigation. Among other notable cases, Boies Schiller acted as lead counsel in *In re Auction Houses Antitrust Litig.*, No. 1:00-cv-00648 (S.D.N.Y.), a $512 million settlement that another plaintiffs' counsel described as "the most outstanding result I have ever heard of in the history of the antitrust laws." Boies Schiller also served as co-lead counsel for the direct purchaser class in the matter *In re Municipal Derivatives Antitrust Litig.* in federal court in New York (over $200 million in settlements) and for the direct purchaser class in the matter *In re Polyurethane Foam Antitrust Litig.* in federal court in Ohio (over $440 million in settlements).

The Moskowitz Law Firm is comprised of attorneys with decades of experience successfully litigating and resolving complex securities and class action lawsuits on behalf of plaintiffs around the world. Recently, in *In Re: Champlain Towers South Collapse Litigation*, Case No. 2021-015089 CA 01 (Fla. 11th Jud. Cir. June 24, 2022), The Moskowitz Law Firm was instrumental in obtaining as co-lead class counsel a settlement fund of over $1.2 billion dollars to compensate victims of the tragic collapse of Champlain Towers South in Surfside, Florida. The Moskowitz Law Firm further litigated 32 class action cases against the nation's largest banks and

mortgage servicers concerning their deceptive and unfair force placed insurance practices, reaching 30 settlements to date totaling over $4.2 billion dollars for the proposed nationwide classes of over 5.3 million homeowners.[2] Prior to filing the FPI class actions, founding partner Adam Moskowitz served as Co-Lead Counsel in *In re: Managed Care Litigation*, MDL No. 1334, where plaintiffs brought suit against the seven largest managed care providers on behalf of approximately 600,000 physicians alleging that these defendants engaged in a civil conspiracy in violation of the RICO Act, which resulted in plaintiffs being able to revise the manner in which managed care is conducted with physicians throughout the country, and obtained almost a billion dollars in monetary relief.

The Moskowitz Law Firm are also serving and have served as Lead, Co-lead or as part of Plaintiffs' counsel in various nationwide class actions including *Fruitstone v. Spartan Race, Inc.*, No. 20-cv-20836-BLOOM/Louis, 2021 WL 2012362, at *12 (S.D. Fla. May 20, 2021) (finding in approving class settlement that Class Counsel's "reputation, diligence, expertise, and skill are reflected in the excellent results they have achieved"); *Feller v. Transamerica Life Ins. Co.*, No. 16-cv-01378 CAS (GJSx), 2019 WL 6605886, at *6 (C.D. Cal. Feb. 6, 2019) (same, finding Class

---

[2] *See for example Williams v. Wells Fargo Bank, N.A.,* No. 11-cv-21233 (S.D. Fla.) (final approval granted); *Saccoccio v. JPMorgan Chase Bank N.A.,* No. 13-cv-21107 (S.D. Fla.) (final approval granted); *Diaz v. HSBC Bank (USA), N.A.,* No. 13-cv-21104 (S.D. Fla.) (final approval granted); *Fladell v. Wells Fargo Bank, N.A.,* No. 13-cv-60721 (S.D. Fla.) (final approval granted); *Hamilton v. SunTrust Mortg., Inc.,* No. 13-cv-60749 (S.D. Fla.) (final approval granted); *Hall v. Bank of Am., N.A.,* No. 12-cv-22700 (S.D. Fla.) (final approval granted); *Lee v. Ocwen Loan Servicing, LLC,* No. 14-cv-60649 (S.D. Fla.) (final approval granted); *Braynen v. Nationstar Mortg.*, LLC, No. 14-cv-20726 (S.D. Fla.) (final approval granted); *Wilson v. Everbank,* N.A., No. 14-cv-22264 (S.D. Fla.) (final approval granted); *Montoya v. PNC Bank, N.A.,* No. 14-cv-20474 (S.D. Fla.*)* (final approval granted)*; Almanzar v. Select Portfolio Servicing,* No. 14-cv-22586 (S.D. Fla.) (final approval granted); *Jackson v. U.S. Bank, N.A.,* No. 14-cv-21252 (S.D. Fla.) (final approval granted); *Circeo-Loudon v. Green Tree Servicing, LLC,* No. 14-cv-21384 (S.D. Fla.); *Beber v. Branch Banking & Trust Co*., No. 15-cv-23294 (S.D. Fla.) (final approval granted); *Ziwczyn v. Regions Bank, No.* 15-cv-24558 (S.D. Fla.) (final approval granted); *McNeil v. Selene Finance, LP,* No. 16-cv-22930 (S.D. Fla.); *McNeil v. Loancare, LLC,* No. 16-cv-20830 (S.D. Fla.) (final approval granted) (final approval granted); *Edwards v. Seterus, Inc.*, No. 15-cv-23107 (S.D. Fla.) (final approval granted); *Cooper v. PennyMac Loan Servicing*, LLC, No. 16-cv-20413 (S.D. Fla.) (final approval granted). *Strickland, et al. v. Carrington Mortgage Services, LLC*, *et al*., 16-cv-25237 (S.D. Fla.) (final approval granted for three separate settlements); *Quarashi et al v. Caliber Home Loans Inc. et al.;* 16-9245 (D.N.J.) (final approval granted).

11

Counsel "have demonstrated that they have fully and competently prosecuted all causes of action, claims, theories of liability, and remedies reasonably available to the Settlement Class Members"); *In re: Marine Hose Antitrust Litigation*, No. 08-MDL-1888-Graham/Turnoff (S.D. Fla.); *Natchitoches Parrish Hospital v. Tyco (In re Sharps Containers)*, No. 05-cv- 12024 (D. Mass.) (serving as co-lead counsel in a nationwide antitrust class action on behalf of direct purchasers of containers for the disposal of sharp medical instruments); *Texas Grain Storage Inc. v. Monsanto Co.*, No. 5:2007-cv-00673 (W.D. Texas) (serving as co-lead counsel with Bruce Gerstein in a nationwide antitrust class action on behalf of direct purchasers of genetically modified seeds); *In re: Hypodermic Products Antitrust Litigation*, MDL No. 1730, No. 05-cv-1602 (JLL/CCC) (D. N.J.) (Linares, J.) (obtaining final approval of a nationwide settlement of an antitrust class action on behalf of direct purchasers of needle products); *In re: Mushroom Direct Purchase Antitrust Litigation*, No. 06-cv-00620l (E.D. Pa.) (representing direct purchasers of fresh agaricus mushrooms sold in the United States east of the Rocky Mountains in antitrust class action); *Miller v. Dyadic International*, No. 07-cv-80948 (S.D. Fla.) (consolidated securities fraud class action against biotech company arising out of material misstatements and omissions regarding financial improprieties of its subsidiaries in violation of federal securities laws); *In re: Herbal Supplements Marketing and Sales Practices Litigation*, 1:15-cv-05070 (N.D. Ill.) (serving on Plaintiffs' Lead Counsel Committee in multidistrict litigation regarding misleading labelling of herbal supplements sold at Target, Walgreens and Walmart stores); *Louisiana Wholesale v. Becton Dickinson, et al.*, No. 05-cv-01602 (D.N.J.); and *Bruhl v. Price Waterhouse Coopers, International, et al.*, No. 03-cv-23044 (S.D. Fla.).

Boies Schiller and The Moskowitz Law Firm also have the resources to devote to this litigation. Both are well-established, successful law firms with the resources and personnel

necessary to pursue a case of this magnitude, as they have demonstrated in numerous similar large-scale class actions, as well as in the pending related litigation regarding Voyager's offer and sale of unregistered securities in the Southern District of Florida.

Given proposed Lead Counsel's qualifications, this Court should approve proposed Lead Plaintiffs' choice of counsel.

## IV. CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court grant their motion as set forth herein to appoint them as Lead Plaintiffs and approve their selection of Lead Counsel.

Dated: January 10, 2023　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　By: */s/ David Boies*

　　　　　　　　　　　　　　　　　　David Boies
　　　　　　　　　　　　　　　　　　Alexander Boies
　　　　　　　　　　　　　　　　　　Brooke A. Alexander
　　　　　　　　　　　　　　　　　　**BOIES SCHILLER FLEXNER LLP**
　　　　　　　　　　　　　　　　　　333 Main Street
　　　　　　　　　　　　　　　　　　Armonk, NY 10504
　　　　　　　　　　　　　　　　　　Phone: (914) 749–8200
　　　　　　　　　　　　　　　　　　dboies@bsfllp.com
　　　　　　　　　　　　　　　　　　aboies@bsfllp.com
　　　　　　　　　　　　　　　　　　balexander@bsfllp.com

　　　　　　　　　　　　　　　　　　By: */s/ Adam Moskowitz*
　　　　　　　　　　　　　　　　　　Adam M. Moskowitz
　　　　　　　　　　　　　　　　　　(*Pro Hac Vice* Application Forthcoming)
　　　　　　　　　　　　　　　　　　adam@moskowitz-law.com
　　　　　　　　　　　　　　　　　　Joseph M. Kaye
　　　　　　　　　　　　　　　　　　(*Pro Hac Vice* Application Forthcoming)
　　　　　　　　　　　　　　　　　　joseph@moskowitz-law.com
　　　　　　　　　　　　　　　　　　**THE MOSKOWITZ LAW FIRM, PLLC**
　　　　　　　　　　　　　　　　　　2 Alhambra Plaza, Suite 601
　　　　　　　　　　　　　　　　　　Coral Gables, FL 33134
　　　　　　　　　　　　　　　　　　Telephone: (305) 740-1423

　　　　　　　　　　　　　　　　　　*[Proposed] Lead Counsel for the [Proposed] Lead Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 10, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List.

By: */s/ David Boies*
David Boies
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200
dboies@bsfllp.com