UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAUN ROBERTS and KEN SHEPPARD, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>v.<br><br>STEPHEN EHRLICH, and EVAN PSAROPOULOS,<br><br>      Defendants. | Case No. 1:22-cv-09590-PKC<br><br>Judge: Hon. P. Kevin Castel<br>Date: October 8, 2024<br>Time: 2:00 PM<br><br>[~~PROPOSED~~] JUDGMENT AND ORDER ON LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES, ~~AND AWARD TO PLAINTIFFS FOR THEIR COSTS AND EXPENSES~~ |

  Plaintiffs and Lead Counsel's Motion for Award of Attorneys' Fees, Payment of Litigation Expenses, and Award to Plaintiffs for Their Costs and Expenses ("Fees, Expenses, and Award Application") duly came before the Court for a hearing on October 8, 2024. The Court has considered the Fee, Expenses, and Award Application and all supporting and other related materials, including the matters presented at the October 8, 2024 hearing. Due and adequate notice having been given to the Class as required by the Court's Order Preliminarily Approving Settlement and Providing for Notice, dated July 2, 2024 ("Preliminary Approval Order") (ECF No. 90), and the Court having considered all papers and proceedings had herein and otherwise being fully informed in the proceedings and good cause appearing therefor:

  **NOW, THEREFORE, THE COURT FINDS, CONCLUDES AND ORDERS AS FOLLOWS:**

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement and Release (the "Stipulation"), dated April 3, 2024 (ECF No. 83-1) and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. Notice of the Fees, Expenses, and Award Application was directed to Class Members in a reasonable manner and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure, due process, and the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

4. Class Members have been given the opportunity to object to the Fees, Expenses, and Award Application in compliance with Rule 23(h)(2) of the Federal Rules of Civil Procedure and no Class Member has objected to Plaintiffs and Lead Counsel's request.

5. The Fees, Expenses, and Award Application is hereby GRANTED.

6. Lead Counsel is hereby awarded attorneys' fees in the amount of __20__ % of the Settlement Fund, or $ _1,300,000.00_ and $ _39,150.00_ in reimbursement for its litigation expenses. The Court finds these sums to be fair and reasonable. These fees and expenses shall be paid to Lead Counsel from the Settlement Fund as set forth in the Stipulation.

7. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

   a. the Settlement has created a fund of $6,500,000 in cash that has been paid into an escrow account for the benefit of the Class pursuant to the terms of the Stipulation, and Class Members who have not excluded themselves will

Case 1:22-cv-09590-PKC   Document 104-4   Filed 10/01/24   Page 4 of 5

benefit from the Settlement that occurred because of the efforts of Lead Counsel;

b.  the fee percentage awarded is within an acceptable range;

c.  the multiplier on Lead Counsel's total lodestar of $1,524,558.25 is negative, and reasonable;

d.  the fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiffs;

e.  copies of the Notice, the Preliminary Approval Order, and the Stipulation were disseminated to all potential Class Members via their last-known email address, published on the Voyager creditor website, www.investvoyager.com, and the Summary Notice was published on the online cryptocurrency media outlet Coindesk, which gave Class Members notice that Lead Counsel would apply for attorneys' fees in an amount not to exceed 20 percent (20%) of the Settlement Fund and reimbursement of litigation expenses in an amount not to exceed $40,000; and

f.  no Class Member has objected to any aspect of the Settlement, including the Fees, Expenses, and Award Application.

8.  Plaintiffs have also requested reimbursement of their costs and expenses incurred directly related to their representation of the Class in this Action. Pursuant to 15 U.S.C. §77z-1(a)(4), an "award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class" may be made to "any representative party serving on behalf of the class." ~~Plaintiffs~~ [*No award is made to*] Lead Plaintiffs Johnny Johnson, Eirian Johnson, and Ezra Boekweg ("Lead Plaintiffs"), along with additional named plaintiffs Shaun Roberts, Ken Sheppard, and Randy

Roberts ~~are hereby awarded their costs and expense in the aggregate amount of $_____,~~ because they have not demonstrated that they incurred ~~which represents their~~ reasonable costs and expenses directly related to their representation of the Class. *PKC*

9. Pursuant to Section 9.b. of the Stipulation, Lead Counsel's fees and expenses ~~and Plaintiffs' award~~ may be paid out of the Settlement Fund within five (5) business days following the later of: (i) the date the Fee and Expense Award becomes final and non-appealable, and (ii) the Class Action Effective Date. *PKC*

10. Any appeal or any challenge affecting this Court's approval regarding the award of ~~this~~ Fees, Expenses, ~~and Award~~ Application shall in no way disturb or affect the finality of the Final Order and Judgment Granting Final Approval of Class Action Settlement entered with respect to the Settlement.

11. Jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

12. In the event the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the terms of the Stipulation.

IT IS SO ORDERED.

DATED: October 8, 2024

_____
Hon. P. Kevin Castel
United States District Judge